UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEMUEL TRADER, and | ) | |
| BARBARA TRADER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 12 C 6897 |
| v. | ) | |
| | ) | Judge George M. Marovich |
| THE HOME DEPOT, USA, INC., | ) | |
| THE HOME DEPOT, INC., AN | ) | |
| UNKNOWN MANAGER, UNKNOWN | ) | |
| EMPLOYEES, and AMERICAN NATIONAL | ) | |
| BANK & TRUST COMPANY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs Lemuel Trader and Barbara Trader filed in the Circuit Court of Cook County a complaint against defendant Home Depot USA, Inc. Home Depot USA, Inc. removed the case to this Court. Plaintiffs filed a second-amended complaint and now move to remand. For the reasons set forth below, the Court grants plaintiffs' motion to remand.

## I. <u>Background</u>

On August 28, 2012, defendant Home Depot USA, Inc. removed to this Court the case the plaintiffs had filed in the Circuit Court of Cook County. At the time of removal, Home Depot USA, Inc. stated (and plaintiffs did not disagree) that the amount in controversy was greater than $75,000.00, that plaintiffs were citizens of Illinois, and that Home Depot USA, Inc. was a citizen of Delaware and Georgia (because Home Depot USA, Inc. is a Delaware corporation with its principal place of business in Georgia).

Plaintiffs later filed a second-amended complaint, in which they added several defendants. In their second-amended complaint, plaintiffs added claims against American

National Bank & Trust Company of Chicago ("American National"). Plaintiffs also added as defendants an unknown manager and unknown employees, but plaintiffs did not include any claims against those defendants.

Plaintiffs then moved to remand the case to the Circuit Court of Cook County. Home Depot USA, Inc. did not respond to plaintiffs' motion to remand (perhaps because it agrees that the case should be remanded).

## II. Discussion

As the proponent of federal jurisdiction, Home Depot USA, Inc. "bears the risk of nonpersuasion" and must present evidence that this Court has jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006).

Plaintiffs first argue that diversity jurisdiction is defeated by the addition of the unknown manager and the unknown employees as defendants. The Court disagrees. Plaintiffs do not include any claims against these unknown persons, and the addition of parties against whom a plaintiff seeks no relief does not defeat diversity jurisdiction. *RC Wegman Constr. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011) ("But a party isn't permitted to destroy federal diversity jurisdiction by naming as a defendant someone against whom he does not seek relief."); *United States Fire Ins. Co., Inc. v. Charter Fin. Group, Inc.*, 851 F.2d 957, 959 n. 3 (7th Cir. 1988) (ignoring for diversity purposes unnamed John Doe defendants because they were nominal parties against whom plaintiff sought no relief).

Plaintiffs next argue that diversity jurisdiction is defeated by the addition of claims against American National. Plaintiffs do not name the state(s) of which this defendant is a citizen. Home Depot USA, Inc. has not put forth evidence that American National is a citizen of a state (or states) other than Illinois, so Home Depot USA, Inc. has not met its burden of establishing that the Court has diversity jurisdiction over this case. (Of course, once plaintiffs

serve summons on American National, American National can assert its own citizenship and, if appropriate, remove the case to this Court.)

Because Home Depot USA, Inc. has not established that the Court has diversity jurisdiction over this case, the case will be remanded to the Circuit Court of Cook County, Law Division.

**IV.**     **Conclusion**

For the reasons set forth above, the Court grants plaintiffs' motion to remand. This case shall be remanded to the Circuit Court of Cook County, Law Division.

ENTER:

George M. Marovich
United States District Judge

DATED:  December 10, 2012